UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| GORDON SIEVERT, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br>  vs.<br><br>CAPITAL MANAGEMENT SERVICES, LP,<br><br>        Defendant. | Case No.: 17-cv-303<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Gordon Sievert is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from him a debt allegedly incurred for personal, family or household purposes.

5. Defendant Capital Management Services, LP ("Capital") is a debt collection agency with its principal offices located at 698 ½ South Ogden Street, Buffalo, NY 14206.

6. Capital is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. Capital is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. Capital is a debt collector as defined in 15 U.S.C. § 1692a.

## FACTS

8. On or about September 7, 2016, Capital mailed a debt collection letter to Plaintiff regarding an alleged debt owed to "Barclays Bank Delaware" ("Barclays"). A copy of this letter is attached to this Complaint as Exhibit A.

9. Upon information and belief, the alleged debt referenced in Exhibit A is an alleged credit card account, used only for personal, family or household purposes.

10. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

11. Upon information and belief, Exhibit A is a form debt collection letter used by Credit Control to attempt to collect alleged debts.

12. Exhibit A contains a settlement offer that contradicts itself and is confusing to the unsophisticated consumer.

13. Exhibit A contains the following settlement offer:

> On behalf of BARCLAYS BANK DELAWARE, Capital Management Services has been engaged to resolve your above-referenced account. Because of interest, late charges and other charges that may vary from day to day, the balance due on the day you pay may be greater. Hence, if you pay the balance in full shown above, an adjustment may be necessary after we receive your check, in which case we will inform you before depositing the check for collection. Capital Management Services, LP is willing to accept less than the full balance due as a settlement on your above mentioned account. The settlement offer shall be $1061.72 due in our office on or before 09/21/2016. We are not obligated to renew this offer.

14. Exhibit A states that the settlement offer is for "$1061.72 due in our office on or before 03/21/2016." Exhibit A.

2

15. Just above that, however, in the same paragraph, <u>Exhibit A</u> states that "Because of interest, late charges, and other charges that may vary from day to day, the balance due on the day you pay may be greater." <u>Exhibit A</u>.

16. Either the settlement offer is for the set, pre-determined amount of $1061.72 or it is not. It either varies or it does not.

17. <u>Exhibit A</u> fails to state the terms of the settlement offer in a non-confusing manner.

18. The unsophisticated consumer could not determine from <u>Exhibit A</u> if the settlement offer is for a set amount or a possibly variable amount.

19. The normal meaning of "settling" a debt means that the debt is permanently resolved in exchange for a payment of a portion of the balance.

20. The consumer could send a check for $1061.72 and would not know whether he had sent enough money to actually settle the account, due to the possibility that Capital Management, on a whim, added interest or other charges to the settlement amount, adjusting the amount required to settle the debt.

21. The consequences of misleading a consumer with respect to settling a debt are much greater than misleading about the amount of the debt. A payment of the entire debt would leave pennies or, at most, a few dollars left over for payment later. *See eg. Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872, 876 (7th Cir. 2000). Due to a few remaining dollars or cents of interest, however, Capital could continue to collect the entire remaining balance of the alleged debt. This amount could be as much as $1297.66, or more if interest is subsequently added to the debt.

22. Plaintiff was confused by <u>Exhibit A</u>.

23. Plaintiff had to spend time and money investigating Exhibit A, and the consequences of any potential responses to Exhibit A.

24. Plaintiff had to take time to obtain and meet with counsel, including traveling to counsel's office by car and its related expenses, including but not limited to the cost of gasoline and mileage, to advise Plaintiff on the consequences of Exhibit A.

25. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

26. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15

U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

27. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

28. 15 U.S.C. § 1692e(2)(a) specifically prohibits "The false representation of— the character, amount, or legal status of any debt.

29. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

30. 15 U.S.C. § 1692f generally prohibits "unfair or unconscionable means to collect or attempt to collect any debt."

## COUNT I – FDCPA

31. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

32. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

33. The settlement offer in Exhibit A is confusing. One of the statements is actually false; either the settlement offer is for the set, pre-determined amount of $1061.72 or it is subject to other charges.

34. Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(a), 1692e(10) and 1692f.

## CLASS ALLEGATIONS

35. Plaintiff brings this action on behalf of a Class consisting of (a) all natural persons in the State of Wisconsin, (b) who were sent collection letters in the form represented by Exhibit

5

A to the complaint in this action, (c) seeking to collect a debt, incurred for personal, family or household purposes (d) between March 2, 2016 and March 2, 2017, (e) that was not returned by the postal service.

36. The Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of the Class.

37. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether Exhibit A violates the FDCPA.

38. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

39. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

40. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

41. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: March 2, 2016

                              **ADEMI & O'REILLY, LLP**

               By:     /s/ John D. Blythin
                         Shpetim Ademi (SBN 1026973)
                         John D. Blythin (SBN 1046105)
                         Mark A. Eldridge (SBN 1089944)
                         Denise L. Morris (SBN 1097911)
                         3620 East Layton Avenue
                         Cudahy, WI 53110
                         (414) 482-8000
                         (414) 482-8001 (fax)
                         sademi@ademilaw.com
                         jblythin@ademilaw.com
                         meldridge@ademilaw.com
                         dmorris@ademilaw.com